UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANLEY M. COLLINS,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION et al.,<br><br>    Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1442(a)(1), Defendants the United States Postal Service (USPS), the U.S. Department of Transportation, and the U.S. Department of Homeland Security (collectively, the "Federal Defendants"), respectfully file this Notice of Removal from the Massachusetts Superior Court (Suffolk County) to the United States District Court for the District of Massachusetts.[1]

In support of this Notice of Removal, the Federal Defendants state as follows:

**I. BACKGROUND**

1. On May 4, 2021, *pro se* Plaintiff Manley Collins filed this lawsuit seeking $10,000,000.02 (per defendant) against Federal Express Corporation (FedEx), 14 individuals allegedly employed by FedEx, Massachusetts Port Authority, and the Federal Defendants in the Massachusetts Superior Court (Suffolk County), captioned *Collins v. FedEx et al.*, No. 2184CV01021. A true and correct copy of the complaint and its attachments is attached hereto as Exhibit A. In addition, a copy of the state court docket is attached hereto as Exhibit B.

---

[1] By filing this Notice of Removal, the Federal Defendants reserve all rights and waive none, including the right to challenge the complaint on any grounds.

## II.    ALLEGATIONS

2.    According to the complaint, Plaintiff is a current employee of FedEx who works at Boston Logan International Airport. *See* Exhibit A ¶ 1. Plaintiff claims that, beginning in October 2020 and continuing through January 2021, the 14 individual defendants—fellow coworkers at FedEx—physically and sexually assaulted him on numerous occasions, including punching Plaintiff all over his body throughout the FedEx facility for no reason. *Id.* ¶¶ 10–17. As a result, Plaintiff seeks $10,000,000.02 (per defendant) for "punitive damages, emotional distress, continued reliving domestic violence and sexual assaults, invoking his post-traumatic stress disorder (PTSD), bodily harm, psychological fear, discrimination due to EEOC standards, and the cost of inconvenience." *Id.* (Request for Damages).

3.    Plaintiff does not appear to claim that the Federal Defendants engaged in any specific wrongdoing. Instead, Plaintiff alleges that USPS "is a customer of Federal Express Corporation" and that he "has been a business and consumer of USPS since 1990." *Id.* ¶ 3. Plaintiff also alleges that the U.S. Department of Transportation and the U.S. Department of Homeland Security "are the overarching federal govern[ors] of Boston Logan International Airport" and that their "responsibilities" include "ensuring valid vehicles, proper roadways, employee and customer safety, and appropriate funding for the airport operations to go smoothly." *Id.* ¶ 5.

## III.   GROUNDS FOR REMOVAL

4.    28 U.S.C. § 1442(a)(1)—commonly referred to as the federal officer removal statute—authorizes "[t]he United States or any agency thereof" to remove a civil action "that is commenced in a State court and that is against or directed to" it. This statute also permits "any

officer (or any person acting under that officer) of the United States or of any agency thereof" to remove such an action so long as it is "for or relat[es] to any act under color of such office." *Id.*[2]

5.      Here, each of the Federal Defendants is an "agency" of the United States and may therefore remove the action to federal court.  28 U.S.C. § 451 (defining agency).

6.      Although a federal *officer* "must both raise a colorable federal defense and establish that the suit is for," or relates to, "an act under color of office" to qualify for removal, *Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999) (citations and alterations omitted), a federal *agency* need not make those showings.  *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389 (6th Cir. 2007) ("any federal agency sued can always remove under § 1442(a)(1) because the 'sued' clause in that provision applies only to federal officers").  That said, it bears mentioning that the Federal Defendants have and will raise colorable federal defenses, including sovereign immunity.  *See, e.g.*, *Estate of Barrett v. United States*, 462 F.3d 28, 38 (1st Cir. 2006).

**IV.     COMPLIANCE WITH REMOVAL PROCEDURE**

7.      This action is removable to this Court under 28 U.S.C. § 1442(a) because the United States District Court for the District of Massachusetts embraces the location where the state court action is pending: Suffolk County, Massachusetts.

8.      As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

---

[2] The Federal Courts Improvement Act of 1996, 110 Stat. 3850, amended 28 U.S.C. § 1442 "to explicitly permit removal by the United States or by a federal agency itself, in addition to removal by an officer of an agency."  14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3726 (Rev. 4th ed. 2021).

9. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the Federal Defendants with respect to this action are attached hereto.  *See* Exhibit A.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Massachusetts Superior Court (Suffolk County), and written notice of the filing of this Notice of Removal will be given to Plaintiff.

11. Pursuant to Local Rule 81.1(a), the Federal Defendants will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court within 28 days after filing this Notice for Removal.

WHEREFORE, the Federal Defendants hereby remove the action now pending in the Massachusetts Superior Court (Suffolk County) to this Court and request that this Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. §§ 1442, 1446.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

Dated: July 12, 2021        By:   */s/ Michael L. Fitzgerald*
MICHAEL L. FITZGERALD
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3266
michael.fitzgerald2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 12, 2021, this document was served by email and FedEx upon the parties' counsel at the following addresses:

Manley M. Collins
198 Tremont St.
Suite 335
Boston, MA 02116

(617) 955-0689
manleycollins@gmail.com

Federal Express Corporation
3610 Hacks Cross Road
Memphis, TN 28125

Massachusetts Port Authority
One Harborside Drive, Suite 200S
East Boston, MA 02128

FedEx Ship Center
142 Harborside Dr.
East Boston, MA 02128

                                                  */s/ Michael L. Fitzgerald*
                                                  MICHAEL L. FITZGERALD
                                                  Assistant U.S. Attorney

Dated:  July 12, 2021