UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANLEY M. COLLINS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 21-cv-11143-ADB |
| FEDERAL EXPRESS CORPORATION, et al., | * |
| | * |
| Defendants. | * |
| | * |
| | * |

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT

BURROUGHS, D.J.

For the reasons set forth below, Plaintiff Manley M. Collins' ("Collins") motion for default judgment, [ECF No. 10], is DENIED because he has not sufficiently shown proper service. The Court GRANTS him an extension of time to effect service.

I.   BACKGROUND

On May 4, 2021, Collins filed a *pro se* action in the Suffolk County Superior Court against (1) the United States Postal Service, United States Department of Transportation (FAA), and United States Department of Homeland Security (the "Federal Defendants"); (2) Federal Express Corporation ("FedEx"); (3) the Massachusetts Port Authority ("MassPort"); and (4) 14 individuals (the "Individual Defendants," together with FedEx and MassPort, the "non-Federal Defendants"). [ECF No. 1-1 ("Compl.")]. Collins is employed by FedEx as a material handler at Boston Logan International Airport and his claims arise out of alleged incidents of assault that he experienced during his employment. [Id. at 2–5].

On July 12, 2021, the Federal Defendants removed the case to this court. [ECF No. 1]. That same day, the Federal Defendants also filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] [ECF No. 3]. On July 15, 2021, Collins filed his motion for default judgment. [ECF No. 10]. In his motion for default judgment, Collins seeks "default judgment of $10,000,000.02 per non responding defendant." [Id. at 2]. Collins contends that he served all the defendants. [Id.]. He avers that the "United States Postal Service electronically confirms that each defendant was served between May 5th through 15th, 2021" and further that the "United States Postal Service Customer Service headquarters via manual letter confirms that each defendant was served between May 5th through 15th, 2021." [Id.].

In an effort to persuade the Court that service was effective, Collins filed a notarized affidavit of service. [ECF No. 15]. Collins asserts that he "spoke with the Ask A Law Librarian through electronic chat on how to properly serve Defendants if there was no Process Servers' database or Sheriff's service available." [Id. at 1]. He further claims that he "was recently notified that [an] Affidavit of Service is needed for the civil complaint" and that to "ensure the legality of the process, a Notary Public has been asked to additionally sign and certify." [Id.]. Attached to the affidavit are copies of priority mail and certified mail return receipts. [Id.].

With respect to Collins' motion for default judgment, FedEx entered a special appearance in this action for the sole purpose of opposing the motion for default judgment. [ECF Nos. 20, 21]. FedEx opposes the motion for default judgment and argues that Collins failed to properly effect service. [ECF No. 21 ¶ 8]. FedEx states that its operating companies are authorized to do business in Massachusetts and that the agent for service of process for each is the CT

---

[1] The Federal Defendants' motion to dismiss, [ECF No. 3], and FedEx's motion to dismiss, [ECF No. 25], which was filed after the motion for default judgment, will be addressed in separate orders.

Corporation System located at 155 Federal Street, Suite 700, Boston, Massachusetts. [Id. at ¶ 4]. The opposition further states that the certificate of service attached to Collins' complaint demonstrates that service was instead made "by first class priority mail" to the Federal Express Corporation in Memphis, Tennessee and Federal Express in East Boston, Massachusetts. [Id. at ¶ 5]. In response to FedEx's opposition, Collins filed another affidavit of service, stating that he has now sent the complaint to CT Corporation Systems, and attached proof of delivery receipts indicating deliveries were made via FedEx and the United Parcel Service in August 2021. [ECF Nos. 24, 24-1].

## II.     DISCUSSION

### A.     The Federal Defendants

Collins' motion for default judgment is DENIED as to the Federal Defendants because these defendants have already responded to the complaint by filing a motion to dismiss. [ECF No. 3]. Accordingly, a default judgment is not proper.

### B.     Collins did not Provide Sufficient Service of Process on the Non-Federal Defendants

The pending motion is brought pursuant to Federal Rule of Civil Procedure 55.[2] [ECF No. 10 at 2]. "[B]efore a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." Forward Fin. LLC v. Moss Supermarket LLC, 303 F. Supp. 3d 209, 210 (D. Mass. 2018) (quoting 10A Charles Alan Wright & Arthur R.

---

[2] Rule 55(a) provides that an entry of default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Mary Kay Kane, Federal Practice and Procedure § 2682 (4th ed. 2020).

Miller, Federal Practice & Procedure § 2682 (4th ed. 2008) (denying motion for default judgment); see also Awadh v. Tourneau, Inc., No. 15-cv-13993, 2017 WL 1246326, at *4 (D. Mass. Feb. 17, 2017) (denying motion for default judgment when defendant was not properly served). FedEx contends that Collins failed to provide effective service of process because he attempted service by mail but failed to properly serve its authorized agent. [ECF No. 21 ¶¶ 5–9].

Because Collins attempted service before this action was removed to federal court, Massachusetts law governs the validity of service.[3] See Frankston v. Denniston, 376 F. Supp. 2d 35, 39 (D. Mass. 2005) (citing In re Pharm. Indus. Average Wholesale Price Litig., 307 F. Supp. 2d 190, 195 (D. Mass 2004)). Massachusetts Rule of Civil Procedure 4 requires that

> service of all process shall be made by a sheriff, by his deputy, or by a special sheriff; by any other person duly authorized by law; by some person specially appointed by the court for that purpose; or in the case of service of process outside the Commonwealth, by an individual permitted to make service of process under the law of this Commonwealth or under the law of the place in which the service is to be made, or who is designated by a court of this Commonwealth.

Mass. R. Civ. P. 4(c).

For an out-of-state corporation, Massachusetts requires that service be sent to an individual designated under Massachusetts Rule of Civil Procedure 4(d)(2) to receive service on behalf of the corporation, meaning to "an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof," or "an agent

---

[3] Prior to the July 12, 2021 removal notice, the Massachusetts Rules of Civil Procedure apply to Collins' attempts to serve the defendants. The Federal Rules of Civil Procedure apply to any attempt to serve the defendants after the July 12, 2021 removal notice. See Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); Egan v. Tenet Health Care, 193 F. Supp. 3d 73, 79 (D. Mass. 2016) ("[S]ufficiency of service made after removal of an action from state court is governed by the Federal Rules of Civil Procedure.").

4

authorized by appointment or by law" to receive it.  Mass. R. Civ. P. 4(d)(2).[4]  For individuals within the Commonwealth, service may be made "by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode."  Mass. R. Civ. P. 4(d)(1).  For an "authority, board, committee, or similar entity" service may be made by

> delivering a copy of the summons and of the complaint to the chairman or other chief executive officer; or by leaving such copies at the office of the said entity with the person then in charge thereof; or by mailing such copies to such officer by registered or certified mail.

Mass. R. Civ. P. 4(d)(5).

Collins failed to file a return of service establishing that his complaint was properly served on any of the defendants before he moved for default judgment.  For FedEx in particular, his affidavit of service does not establish that the complaint was properly served on an individual authorized to accept service on FedEx's behalf.  Collins argues that he relied on guidance that he received on-line.  The Court appreciates that Collins is self-represented and unfamiliar with court procedures, however, his *pro se* status does not relieve him of the obligation to comply with applicable rules.  See Sutliffe v. Epping School Dist., 584 F.3d 314, 321 (1st Cir. 2009) (noting that plaintiffs' "*pro se* status did not relieve them of their responsibility to comply with procedural rules").  Accordingly, Collins' motion is DENIED without prejudice as to the non-federal Defendants because he failed to establish that the non-federal Defendants were properly served.

---

[4] For corporations doing business in Massachusetts, service may be made "by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process . . . ."  Mass. R. Civ. P. 4(d)(2).

### C. The Court Grants an Extension of Time for Service of Process Under Federal Rule of Civil Procedure 4

There is not now "a reasonable prospect that service may yet be obtained" within the initial time period for service of process. See Cutler Assocs., Inc. v. Palace Constr., LLC, 132 F. Supp. 3d 191, 194 (D. Mass. 2015). Therefore, the Court will grant Collins an extension of time to effect service and will direct the Clerk to issue summonses for service of the Individual Defendants and MassPort.[5] If Collins wishes to proceed with his claims against these defendants, he must serve them within 90 days of the issuance of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Collins is encouraged to review Rule 4 of the Federal Rules of Civil Procedure because he is responsible for having the summons and complaint served. He must furnish the necessary copies to the person who makes service. Thereafter, Collins must file proof of such service with the Court.

Rule 4 of the Federal Rules of Civil Procedure sets forth the methods for serving defendants such as corporations, individuals, and governments.

#### 1. Service on an Individual Defendant

Federal Rule of Civil Procedure 4(e) sets forth the method for serving an individual. Under Rule 4(e), there are four ways to serve an individual defendant within a federal judicial district: (1) by following the requirements of state law for serving a summons in actions brought in the "courts of general jurisdiction in the state where the district court is located or where service is made"; (2) "by delivering a copy of the summons and the complaint to the individual

---

[5] In the time since Collins filed his motion for default judgment, FedEx moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [ECF No. 25]. Because FedEx did not move to dismiss based on insufficient service of process, any challenge to the sufficiency of service is now waived. Tuckerbrook Alternative Invs., LP v. Banerjee, 754 F. Supp. 2d 177, 186 (D. Mass. 2010) ("A party waives a defense listed in Rule 12(b)(2)-(5) when he fails to raise it in a responsive pleading that brings forth other defenses or objections.").

personally"; (3) by leaving copies of those items "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4) by delivering copies "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

### 2. Service on a Corporation

Federal Rule of Civil Procedure 4(h) sets forth the method for serving a corporation. Under Rule 4(h), a corporation may be served within the United States (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual" (that is, by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made); or (2) "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).

### 3. Service on the MassPort

Rule 4(j) sets forth the method for serving a foreign, state, or local government. Rule 4(j)(2) states as follows:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

### 4. Waiving Service

Finally, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, Collins may choose an alternative to serving a defendant with the summons and complaint by offering a defendant the option to waive service of the summons. See Fed. R. Civ. P. 4(d). The Clerk will

be directed to provide Collins with a blank Notice of Lawsuit and Request to Waive Service of Summons (Form AO 398) and a blank Waiver of the Service of Summons (Form AO 399). There is no indication that Collins is proceeding *in forma pauperis*, so the United States Marshals Service will not be ordered to effect service of process and advance the costs of service.

### III. CONCLUSION

Accordingly:

1. The motion for default judgment, [ECF No. 10], is <u>DENIED</u>.

2. The Clerk shall issue summonses for MassPort and the Individual Defendants and mail the summonses to Collins.

3. Collins must serve MassPort and the Individual Defendants within 90 days of the issuance of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure.

4. The Clerk shall provide Collins with a courtesy copy of the complaint and the following forms: (1) Notice of Lawsuit and Request to Waive Service of Summons (Form AO 398) and (2) Waiver of the Service of Summons (Form AO 399).

**SO ORDERED.**

October 15, 2021                               /s/ Allison D. Burroughs
                                               ALLISON D. BURROUGHS
                                               U.S. DISTRICT JUDGE