UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANLEY COLLINS,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, et al.,<br><br>        Defendants. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 21-cv-11143-ADB<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

      Plaintiff Manley Collins ("Collins") brings this *pro se* action seeking monetary damages for alleged harm arising out of incidents at Boston Logan International Airport ("Logan Airport") where Collins is employed by the Federal Express Corporation. Named as defendants are (1) Collins' employer, Federal Express Corporation and Federal Express (the "FedEx Defendants" or "FedEx"); (2) 14 co-workers (the "Individual Defendants");[1] (3) the United States Postal Service, United States Department of Transportation (FAA), and United States Department of Homeland Security (the "Federal Defendants"); and, (4) the Massachusetts Port Authority ("Massport") (collectively, "Defendants"). [ECF No. 1-1 ("Compl.")].

---

[1] The following co-workers are alleged to have committed "harmful actions" against Collins at some point and are named as defendants: "Samuel Prosper (Handler), Ahmed Abdillah (Handler), Camila Salas (Handler), Claire Alexis (Handler), Brianna (Team Lead), Ernesto (Team Lead now Ramp Agt), Frederick Yancy (Handler), Andrew (Handler), Christian (Casual Day Handler), Rafael (Handler), Maria (Handler), Dhakari Thomas (Handler), Don Nash (Load Captain), [and] Alex Angurita (Team Lead)." [ECF No. 1-1 ¶ 6].

Currently before the Court are the Federal Defendants, FedEx Defendants, and Massport's motions to dismiss, [ECF No. 3 (Federal Defendants); ECF No. 25 (FedEx Defendants); ECF No. 46 (Massport)], and Collins' motions of continuance, [ECF Nos. 13, 48]. For the reasons set forth below, Collins' motions of continuance are <u>DENIED</u>, the Federal Defendants' motion to dismiss is <u>GRANTED</u>, Massport's motion to dismiss is <u>GRANTED</u>, and the FedEx Defendants' motion to dismiss is <u>GRANTED</u> in part. Collins' federal law claims against the FedEx Defendants are <u>DISMISSED</u> with prejudice and the remaining state law claims against the FedEx Defendants and the Individual Defendants are remanded to Massachusetts Superior Court (Suffolk County).

## I. BACKGROUND

### A. Factual Allegations

The following facts are taken from the complaint, [Compl.], the factual allegations of which are assumed to be true when considering a motion to dismiss. See <u>Ruivo v. Wells Fargo Bank, N.A.</u>, 766 F.3d 87, 90 (1st Cir. 2014).

Collins, a Black resident of Boston, is employed by Federal Express Corporation as a Material Handler at Logan Airport and is a sub-contractor to the United States Postal Service. [Compl. ¶¶ 1, 22]. He began employment with FedEx's "Air Freight Express Services for the Boston Ramp" on October 20, 2020. [Id. ¶ 9]. His claims in this case arise primarily from alleged incidents of assault during his employment, though he also alleges harm that happened before he was hired. See generally [Compl.].[2]

---

[2] According to Collins, his "initial harm began with Federal Express in 2002-2004," [Compl. ¶ 7]. Collins, who has a Master's degree, attempted to launch a small business that was based on the idea of "sending documents and templates . . . to a brick and mortar store for . . . copying, printing, and additional services," but "[n]o funding was granted and [his] idea was rejected by Venture Capitalists." [Id.]. After FedEx acquired Kinkos, Collins claims that he now "sees his

From his first day of employment with FedEx on October 20, 2020, and continuing through October 29, 2020, Collins was assaulted by several of the Individual Defendants "and defendants who are no longer with FedEx totaling near[ly] 20 or more people." [Compl. ¶ 10]. Specifically, Collins asserts he was "physically assaulted with angry punches to the upper body, such as on the arms, biceps, elbow, shoulders, back near kidney, chest (pectoral area), stomach, and abdominal area." [Id.]. Collins also states that, from October 26, 2020 to November 5, 2020, he was sexually assaulted in the same location by a "swipe across both buttocks [by the] arms and hands [of the Individual Defendants] and defendants who are no longer with FedEx totaling near 20 or more people." [Id. ¶ 11]. Specifically, the individuals "involved" with the physical and sexual assault of Collins in October and November 2020 are: (a) "Brianna – Team Lead," (b) "Samson Prosper – Handler/Material Handler," (c) "Claire Alexis – Handler/Material Handler," (d) "Ahmed Abdillah – Material Handler," (e) "Camila Salas – Handler," and (f) others who are no longer employed by FedEx, such as "KiKi," "Kiki's best work friend," and "Claire's work buddy." [Id. ¶ 13]. The hitting continued after the abovementioned dates, with assaults also being made by "Andrew – Team Lead." [Id. ¶ 14]. "Throughout peak season," Collins was also subjected to "random touching by people." [Id. ¶ 15].

In January 2021, after Collins advised his manager, Garrett Sexton ("Sexton"), and the warehouse deck team lead, "Ronnie," that he had received his first vaccination shot against

---

idea coming out with perfection by FedEx Office." [Id.]. Similarly, Collins claims that this "same idea has been also implemented by Hewlett-Packard through an offering called HP+ printing system for its printing devices." [Id. ¶ 8].

Prior to his employment with the FedEx Defendants, Collins was subjected to workplace violence that "started [in] September 2007 [during a] US Department of Defense (Northrop Grumman/KFORCE) contract." [Compl. ¶ 12]. Collins also alleges that he was subject to "domestic violence issues as the victim . . . since 1980 and . . . sexual assault issues since 1985." [Id.].

3

Covid-19, Collins was then further assaulted by (a) Ahmed Abdillah, (b) "Frederick Yancy – Handler," and (c) "Ernesto – Team Lead now Ramp Agent." [Compl. ¶ 16]. Although the "hitting stopped with certain individuals," further assaults were propagated by: (a) "Dhakari Thomas – Handler," (b) "Maria – Handler," (c) "Rafeal – Handler," (d) "Alex Angurita – Team Lead," (e) "Christian – Handler," and (f) "Don Nash – Load Captain now Ramp Agent." [Id. ¶ 17].

Collins responded to the assaults by "withdrawing from them, walking away, avoiding them, placing . . . FedEx package[s] between [himself and the Individual Defendants], tapping the [Individual Defendants] in the same area where the hit[ting] occurred, yelling at them, telling them it arises [his] Post Traumatic Stress Disorder (PTSD), and blocking or attempting to grab the [Individual Defendants'] hands before" they touched him. [Compl. ¶ 19].

On April 13, 2021, Collins filed "a Federal Express Corporate Workplace Violence report" with assistance from Sexton and "Fred," another FedEx manager. [Compl. ¶ 21]. Sexton "took the initial written statement and sent it to FedEx Corporate Human Resources." [Id.]. That same day, Collins also filed a Boston Police Report and, two days later, a "report" with the Massachusetts State Police. [Id. ¶¶ 20, 23] On April 20, 2021, Collins met with a FedEx attorney and security officers and the meeting was recorded. [Id. ¶ 24].

Also on April 13, 2021, Collins filed an U.S. Equal Employment Opportunity Commission ("EEOC") report against FedEx alleging that he was discriminated against in the workplace on the basis of his "color, ethnicity, age, sex, and race." [Compl. ¶ 22]. Collins asserts that individuals at FedEx "tried to intimidate [him] since he was male and should be able to take whatever the [Individuals Defendants] dish out without telling," and states that Defendants assumed, based on stereotype, that as a "black male[, he] should be fighting back" or

that he is "act[ing] out of character based on [his] history of domestic violence, PTSD, and sexual violence." [Id.].  Collins then filed an "Inquiry report" with the EEOC on April 24, 2021 and subsequently spoke with Edward Ostolski, Anthony Pino, and Marc Hawley, presumably from the EEOC, "regarding discrimination" and "continued retaliation by defendants." [Id. ¶ 25].

Collins seeks the following relief: (1) monetary damages in the amount of $10,000,000.02 from each Defendant; (2) "an indefinite international work visa for the country of France commencing on, or after October 1, 2030"; (3) the "termination of [the Individual Defendants] with the option to return to Federal Express after second appeal to Federal Express Corporate Human Resources"; and (4) declaratory relief concerning his ability "to file a work harassment restraining order." [Compl. at 7 (request for damages)].

### B. Procedural History

On May 4, 2021, Collins filed a *pro se* complaint in Suffolk County Superior Court against Defendants.  [Compl.].  Collins brings this action against "Federal Express and its employees as Defendants along with other Defendants as conspirators" for violation of the following laws: 18 U.S.C. § 117 (domestic assault by a habitual offender); 18 U.S.C. § 241 (conspiracy against rights); Massachusetts General Laws ch. 265, § 13A (assault or assault and battery; punishment); Massachusetts General Laws ch. 209A (abuse prevention); Massachusetts General Laws ch. 151B (unlawful discrimination because of race, color, religious creed, national origin, ancestry or sex).  [Id. ¶ 27].  Attached to the complaint are the following exhibits: (A) a completed employee statement form; (B) Boston Police Department incident report; and (C) an EEOC (inquiry) form. [Id. at 9–19].

On July 12, 2021, the Federal Defendants filed a notice removing the case to this court, [ECF No. 1], as well as a motion to dismiss and a supporting memorandum, [ECF Nos. 3, 4].[3] On September 7, 2021, the FedEx Defendants filed their motion to dismiss and supporting memorandum, [ECF Nos. 25, 26], and on December 17, 2021, Massport filed its motion to dismiss and supporting memorandum, [ECF Nos. 46, 47].  Collins has opposed each of the motions to dismiss.  [ECF Nos. 13, 14 (Federal Defendants); ECF Nos. 27, 28 (FedEx Defendants); ECF No. 49 (Massport)].

II.     **MOTIONS OF CONTINUANCE**

On July 19, 2021, Collins filed a motion of continuance and a supporting memorandum. [ECF Nos. 13, 14].  This first motion of continuance opposes the Federal Defendants' motion to dismiss and seeks a continuance while Collins "is providing proof of jurisdiction."  [ECF No. 13].

On December 22, 2021, Collins filed a second motion of continuance, which, *inter alia*, states that he is "submitting amendment to the original complaint, memorandum of law, and motion for continuance."  [ECF No. 48].

To the extent that Collins seeks a continuance of these proceedings in these or other filings, any request for a continuance is DENIED.  To the extent he raises arguments in opposition to the motions to dismiss in his motions of continuance, they are considered below.

---

[3] Thereafter, On July 15, 2021, Collins filed a motion for default judgment, [ECF No. 10], which was denied on October 15, 2021 because he had not sufficiently shown proper service and the Federal Defendants had already responded to the complaint.  [ECF No. 32].  The Court granted an extension of time for Collins to effect service, and the Memorandum and Order referenced the applicable rules for service on an individual, a corporation, and on Massport.  [Id.].

### III. MOTIONS TO DISMISS

#### A. Legal Standards

##### 1. Federal Rule of Civil Procedure 12(b)(1)

In evaluating a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court must determine whether the facts as alleged in the complaint, "taken at face value," support subject matter jurisdiction. Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). "When considering a motion to dismiss under 12(b)(1) . . . , the Court should apply a standard of review 'similar to that accorded to a dismissal for failure to state a claim' under subsection 12(b)(6)." Rodriguez v. Mass. Parole Bd., No. 16-cv-11113, 2017 WL 706597, at *2 (D. Mass. Feb. 22, 2017) (quoting Menge v. N. Am. Specialty Ins. Co., 905 F. Supp. 414, 416 (D.R.I. 2012)). The Court must "accept the factual averments of the complaint as true, and construe those facts in the light most congenial to [plaintiff's] cause." Royal v. Leading Edge Prods. Inc., 833 F.2d 1, 1 (1st Cir. 1987).

##### 2. Federal Rule of Civil Procedure 12(b)(6)

Under the Federal Rules of Civil Procedure, a complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). This pleading standard requires "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

When evaluating the sufficiency of a complaint, the Court "first must 'distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Cardigan Mountain Sch., 787 F.3d at 84 (quoting García–Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013)) (further internal quotations and citation omitted). "Second, the court must determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable for the misconduct alleged." García–Catalán, 734 F.3d at 103 (internal quotations and citation omitted). In conducting this analysis, the Court must accept all well-pleaded facts as true and analyze those facts in the light most favorable to the plaintiff's theory, drawing all reasonable inferences in favor of the plaintiff. U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011).

        3.        Construction of *Pro Se* Pleadings

In this case, the Court construes the complaint liberally because it was filed *pro se*. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). "However, pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Dismissal of a *pro se* complaint "is appropriate when the complaint fails to suggest an actionable claim." Muller v. Bedford VA Admin. Hosp., 2013 WL 702766, at *3 (D. Mass. Feb. 25, 2013) (citing Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)).

**B.**    Discussion

        1.        The Federal Defendants

The Federal Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), primarily contending that any claims against them are barred by sovereign immunity. [ECF No. 4 at 4–5]. "Absent a waiver, sovereign immunity shields the Federal

8

Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Therefore, without an express statutory waiver of that sovereign immunity, the Court lacks subject matter jurisdiction over a plaintiff's claims. See United States v. Mitchell, 445 U.S. 535, 538 (1980) ("A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" (quoting United States v. King, 395 U.S. 1, 4 (1969))). Furthermore, Collins, as the plaintiff, "has the burden of proving sovereign immunity has been waived . . . ." Mahon v. United States, 742 F.3d 11, 14 (1st Cir. 2014).

Collins seeks money damages from the Federal Defendants, which are all federal agencies: the United States Postal Service, the United States Department of Transportation (FAA), and the United States Department of Homeland Security. Even liberally construed, dismissal of the complaint is warranted because Collins has not identified any specific violation of law on the part of these agencies and fails to identify a statute that would waive the federal government's sovereign immunity.

To the extent the complaint could be construed as invoking the Federal Tort Claims Act[4] ("FTCA"), such a claim would fail because Collins has not presented or exhausted an administrative claim. Under the FTCA, "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied." 28 U.S.C. § 2675(a); see also Kasparian v. United States, No. 16-cv-

---

[4] The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, "comprises a limited waiver of the federal government's sovereign immunity and grants federal courts jurisdiction over claims against the United States that fall within its ambit." McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006) (internal citations omitted). Under the FTCA, the United States may be liable for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

11551, 2017 WL 1843690, at *3 (D. Mass. May 8, 2017) ("'[C]ompliance with this statutory requirement is a jurisdictional prerequisite to suit that cannot be waived' and 'it is well-settled than an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim.'" (quoting Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002)) (alteration in original)); Acosta v. U.S. Marshals Service, 445 F.3d 509, 513 (1st Cir. 2006) ("The [FTCA] also contains an exhaustion requirement, which has been viewed as 'a non-waivable jurisdictional requirement' limiting the suit to claims fairly made to the agency." (quoting Santiago–Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 18–20 (1st Cir. 1993))). Because Collins has not alleged exhaustion of his administrative remedies, this Court does not have jurisdiction over any tort claims against the United States under the FTCA. A district court may properly "dismiss a pro se complaint for failure to allege compliance with the FTCA's administrative exhaustion requirement if it clearly appears that the deficiency cannot be overcome by amendment [to the complaint]." Kasparian, 2017 WL 1843690, at *3 (citations omitted) (alteration in original).

Although the complaint is silent as to exhaustion, as the Court understands it, in his memorandum in opposition to the Federal Defendants' motion to dismiss, Collins argues that he filed his administrative claims with the appropriate agencies and subsequently exhausted his administrative remedies when the agencies declined to exercise jurisdiction or directed him to other agencies. [ECF No. 14 at 6–7]. In support of his argument, Collins attached the following three exhibits to his opposition brief, all of which are dated after the filing of the complaint:

- a June 8, 2021 email from the Transportation Security Administration's Contact Center, which states that the agency reviewed Collins' inquiry and determined it fell outside of TSA's jurisdiction. There is no description of the inquiry in the complaint, in the exhibit, or in the opposition brief. [ECF No. 14-1 at 1].

- a June 25, 2021 email chain with the Department of Transportation ("DOT") where Collins states that he is attempting to deliver the civil suit he filed in Suffolk County

> Superior Court. A DOT employee directs him to the Federal Aviation Administration's ("FAA") "Hotline Reporting System." [ECF No. 14-1 at 2–3].

- a June 25, 2021 email chain with the FAA "Hotline," where Collins is given the webpage for the FAA's Office of the Chief Counsel. It is unclear what Collins was attempting to send through the FAA hotline. [ECF No. 14-1 at 4–5].

These three exhibits, even if construed in his favor, do not contain sufficient information to demonstrate that Collins has exhausted his administrative requirements. "An essential element of [an FTCA] claim is 'notification of the incident,' via 'an executed' SF 95 or 'other written' document, 'accompanied by' a demand 'for money damages in a *sum certain*.'" Holloway v. United States, 845 F.3d 487, 489 (1st Cir. 2017) (citing 28 C.F.R. § 14.2(a)). Collins does not allege in his complaint, argue in his opposition brief, or demonstrate through the exhibits that any claim that he filed with the relevant agencies was for a "sum certain."

Collins, through his motion to continue and opposition to the motion to dismiss, also appears to request leave to amend the complaint. [ECF No. 13]. "[F]utility is fully sufficient to justify the denial of a motion to amend." Hatch v. Dep't for Child., Youth and Their Families., 274 F.3d 12, 19 (1st Cir. 2001) (citing Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990)). If the plaintiff seeks leave to amend "before discovery is complete and neither party has moved for summary judgment . . . amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory." Id. Here, however, amendment would be futile. Fundamentally, Collins has not filed a proposed amended complaint, so it is unclear what additional factual allegations he would seek to add if leave were granted. Even so, his current pleadings do not allege facts that would, if proven, entitle him to relief against the Federal Defendants on any cognizable theory.

In sum, because the complaint does not state or allege any facts to show a waiver of sovereign immunity or that Collins has complied with the FTCA's administrative exhaustion requirement, the Court lacks subject-matter jurisdiction over the Federal Defendants.  Meyer, 510 U.S. at 475.  Therefore, the Federal Defendants' motion to dismiss is GRANTED.

2. Massport

Massport has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).  [ECF No. 46].  Massport owns and operates Logan Airport, [ECF No. 47 at 2 (citing Mass. Gen. Laws ch. 91 App. §§ 1-1 *et seq.*)], which is the location of Collins' job, [Compl. ¶ 1].  Massport contends that Collins fails to state a factual predicate or legal basis for its inclusion as a defendant because the only allegation relevant to it in the complaint is that

> [Massport] is the state entity responsible for the operation of Boston Logan International Airport and its communities. FedEx, USPS, US Department of Transportation, US Homeland Security are apart (sic) of this community.

[ECF No. 47 at 3–5 (quoting Compl. ¶ 4)].

Although Collins recognizes that Massport "did not directly provide[] the harm to him specifically," he argues that "Massport provided the access [which allowed the alleged assaults to] happen under the roof of one tenant," and that he participated in workplace training conducted by FedEx and Massport.  [ECF No. 49 at 1, 3].  He wants to "keep [Massport] as a legal defendant" and avers that Massport "provided the individual defendants authorization and authentication badges to operate on the airport premises[,] allowing the assaults and employment discrimination to continuously happen until [Collins] decided to report it."  [ECF No. 48 at 1–2; ECF No. 50 at 1].

Massport's only connection to incidents alleged in the complaint is that it operates Logan Airport.  This is insufficient to support the plausible inference that it has statutory authority or

responsibility related to the conditions of Collins' employment at FedEx. Thus, Collins has failed to state a claim against Massport and any claims against it must be dismissed.

The Court again finds that amendment would be futile. Collins has not filed a proposed amended complaint and his pleadings do not allege facts that would, if proven, entitle him to relief against Massport on any cognizable theory. Accordingly, Massport's motion to dismiss is GRANTED.

3. The FedEx Defendants

FedEx has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that 18 U.S.C. § 117 (domestic assault by a habitual offender) and 18 U.S.C. § 241 (conspiracy against rights) are criminal statutes that do not provide private rights of action; the complaint fails to state claims under Massachusetts General Laws ch. 209A (abuse prevention) and Massachusetts General Laws ch. 265, § 13A (assault or assault and battery; punishment); and, any claim under Massachusetts General Laws ch. 151B (unlawful discrimination because of race, color, religious creed, national origin, ancestry or sex) is time-barred and Collins failed to exhaust his administrative remedies.[5] [ECF No. 26].

The two federal criminal statutes referenced in the complaint, 18 U.S.C. §§ 117, 241, do not provide private rights of action. See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute") (citation omitted); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per

---

[5] The FedEx Defendants also argue that Collins failed to administratively exhaust any claims under Title VII. [ECF No. 26 at 6–7]. Although the FedEx Defendants interpret Collins to be asserting a Title VII claim, a review of the complaint reveals that there is no mention of "Title VII," even though Collins has contacted and filed reports with the EEOC. Therefore, Collins has not asserted a claim under Title VII and instead only brought claims pursuant to Massachusetts General Laws ch. 151B.

curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C.§§ 241–242."). Accordingly, FedEx's motion to dismiss the federal claims brought pursuant to 18 U.S.C. §§ 117, 241, is GRANTED.

### 4. The Court Declines to Exercise Supplemental Jurisdiction

By finding that there is no private right of action under 18 U.S.C. §§ 117, 241, the Court has dismissed Collins' only federal claims.[6] Accordingly, the Court must determine whether it should exercise supplemental jurisdiction over the remaining state law claims against the FedEx Defendants and the Individual Defendants.

Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction . . . ." "In determining whether to retain jurisdiction on such an occasion, the court must take into account considerations of judicial economy, convenience, fairness to the litigants, and comity." Delgado v. Pawtucket Police Dep't, 668 F.3d 42, 48 (1st Cir. 2012) (citing Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996)). The decision "is a 'pragmatic and case-specific' one," id. (quoting Roche, 81 F.3d at 257), but "[t]he Supreme Court has made pellucid 'that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims,'" Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc., 748 F.3d 387, 392 (1st Cir. 2014) (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

---

[6] Although this analysis was in the context of the FedEx Defendants, it applies with equal force to the federal claims asserted against the Individual Defendants. There is also no basis for diversity jurisdiction because, although the complaint does not allege the citizenship of the Individual Defendants or the FedEx Defendants, a subsequent filing by Collins lists the last known home addresses for all of the Individual Defendants as Massachusetts. [ECF No. 54-1].

Here, the case is still in the early stages of litigation and there has been no discovery. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims against FedEx and the 14 Individual Defendants.[7] "As a matter of judicial efficiency, the Court therefore remands the case to state court for consideration of the state-law claims." Kenn v. Eascare, LLC, 483 F. Supp. 3d 26, 36 (D. Mass. 2020); see Rojas-Velàzquez v. Figueroa-Sancha, 676 F.3d 206, 213 (1st Cir. 2012) ("Because the only federal claims in this suit were properly dismissed, the court's decision not to exercise supplemental jurisdiction over the pendent claims cannot seriously be questioned.") (internal citations omitted).

## IV.  CONCLUSION

Accordingly, for the reasons set forth above:

1. Collins' motions of continuance, [ECF Nos. 13, 48], are DENIED.

2. The Federal Defendants' motion to dismiss, [ECF No. 3], is GRANTED.

3. Massport's motion to dismiss, [ECF No. 46], is GRANTED.

4. The FedEx Defendants' motion to dismiss, [ECF No. 25], is GRANTED as to the federal claims brought pursuant to 18 U.S.C. § 117 and 18 U.S.C. § 241.  The Court remands the remaining state law claims against the FedEx Defendants and the Individual Defendants to the Massachusetts Superior Court (Suffolk County).

**SO ORDERED.**

March 31, 2022                                             /s/ Allison D. Burroughs
                                                           ALLISON D. BURROUGHS
                                                           U.S. DISTRICT JUDGE

---

[7] On October 15, 2021, Collins was granted an extension of time to serve the Individual Defendants and Massport. [ECF No. 32].  In a status report filed on February 17, 2022, Collins indicates that FedEx counsel provided Collins the addresses for the Individual Defendants. [ECF No. 54].  Collins presents a "project plan" which appears to seek an extension of time until July 31, 2022 to effect service. [Id. at 1].  Because the Court remands the Individual Defendants' claims to state court, it takes no position on whether the deadline for service should be extended.